## MARKS RIBBON CO. et al. v. PILSBURY.

### In re DA COSTA.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1922.)

No. 3724.

1. Bankruptcy ⊗══166(4)—Payments by insolvent, effecting preference, are voidable, if creditor had reason to believe preference would result.

Where it was clearly shown that the payments in controversy were made when the bankrupt was insolvent, and that they operated as a preference, such preference was voidable by the trustee, under Bankruptcy Act, § 60b (Comp. St. § 9644), as amended, if at the time the creditor had reasonable cause to believe such payments would effect a preference.

2. Bankruptcy ⊗══303(3)—Evidence held to sustain finding creditor knew bankrupt was insolvent and that preference would result.

Evidence that a creditor forced the bankrupt to pay a part of a debt not yet due, because the creditor believed that bankrupt was attempting to transfer his assets into cash and to conceal it from his creditors, and that the creditors had prepared an affidavit of attachment charging the debtors with such intent, held to sustain a finding that the creditors had reasonable cause to believe that the bankrupt was insolvent, within Bankruptcy Act, § 1 (Comp. St. § 9585), providing that a person shall be deemed insolvent when his property, exclusive of that he has conveyed or concealed to defraud his creditors, shall not be sufficient to pay his debts, and that the creditors also had a reasonable cause to believe that the payments would effect a preference.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by Edward Pilsbury, as trustee of the estate of Philip Da Costa, bankrupt, against the Marks Ribbon Company, and others. Decree for complainant, and defendants appeal. Affirmed.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for appellants.

St. Clair Adams, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order in favor of the appellee, the trustee of the estate of Philip Da Costa, a bankrupt, who attacked as voidable preferences two payments made by the bankrupt to the appellant, Marks Ribbon Company, a partnership, one of $500, made on February 20, 1918, by means of a certified check of the bankrupt, and the other made on February 21, 1918, by the bankrupt assigning an open account for $1,553.28, due to him from a mercantile firm in New Orleans. The voluntary petition under which the bankruptcy was adjudged was filed on February 23, 1918. When the payments were made, the bankrupt was indebted to Marks Ribbon Company, for merchandise sold, in the sum of $2,522.62; that debt not being due when the payments were made. The making of those payments resulted from insistent demands made on the debtor by a member of the creditor firm.

The evidence disclosed that payment was demanded before the debt was due, because circumstances of which a member of the creditor firm was apprised led him to believe that the debtor was dishonest, and was going to run away after converting, as far as possible, his assets into money, with intent to conceal it from his creditors. On February 20th the creditor firm had its lawyers prepare a petition for a writ of attachment against the debtor's property. That petition, which was sworn to by a member of the creditor firm, contained the following:

"Now your petitioner shows unto this honorable court that the defendant debtor is about to leave the state permanently without there being a possibility, in the ordinary course of judicial proceedings, of obtaining or executing judgment against him previous to his departure; and your petitioner further shows that the defendant has converted or is about to convert his property into money or evidence of debt with the intent to place it beyond the reach of his creditors."

[1] The evidence adduced clearly showed that when the attacked payments were made the bankrupt was insolvent, and that those payments operated as a preference. This being so, under amended section 60b of the Bankruptcy Act (Comp. St. § 9644), that preference was voidable by the trustee if, when the payments were made, the creditor had reasonable cause to believe that such payments would effect a preference. Collier on Bankruptcy (12th Ed.) 903.

[2] In behalf of the creditor it is contended that the evidence showed that it believed, and had good reason to believe, that the debtor had assets worth more than the amount of his liabilities. Though the creditor so believed, the evidence showed that, when the payments in question were made, it had reasonable cause to believe that the debtor was insolvent within the meaning of the following provision of section 1 of the Bankruptcy Act (Comp. St. § 9585):

"A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts."

The evidence adduced well warranted the conclusions that the appellant firm exacted the payments in question before the debt owing to it was due because it believed that there was danger that the debt,

if it remained unpaid until it was due, would be rendered uncollectable by the debtor's flight and concealment of his assets; that when the appellant firm received those payments it believed that the debtor already was, or soon would be, insolvent within the meaning of the Bankruptcy Act; and that any one to whom that debtor was indebted on an unsecured demand was likely to lose his debt in whole or in part by failing to obtain prompt payment of it. Under the evidence it is not fairly open to question that the member of the appellant firm who acted for it thought that, to the extent of the payments made, an advantage over other creditors would be obtained, and that, when those payments were made, appellants had reasonable cause to believe that thereby a preference would be effected.

It follows that the decree appealed from was not erroneous. That decree is affirmed.